IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUIAD, ID 14691,

    Plaintiff,                    No. CIV S-11-0563 KJM DAD PS

    vs.

JEANETTE DALE PRINGLE,         FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        By Notice of Removal filed March 1, 2011, defendant Jeanette Pringle removed this action from the Lassen County Superior Court. Defendant Pringle has paid the required filing fee. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

        It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). See also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel.

1  Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010).  "'The burden of establishing federal jurisdiction
2  falls on the party invoking removal.'"  Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930,
3  932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).
4  Moreover, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief
5  and not on anticipated defenses to those claims."  ARCO Envtl. Remediation, LLC v. Dep't of
6  Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).  Where it appears, as it does here,
7  that the district court lacks subject matter jurisdiction over a removed case, "the case shall be
8  remanded."  28 U.S.C. § 1447(c).

9  Here, the removing defendant claims that this "civil action arises under the First,
10 Fourth, Fifth, Ninth and Fourteenth Amendments and Title 49 U.S.C."  (Notice of Removal
11 (Doc. No. 1) at 1.)  Specifically, defendant argues that this action implicates "defendant's
12 fundamental right of travel by conveyance of the day upon the public highway."  (Id. at 2.)
13 Contrary to defendant's assertion, however, it is evident that this action was commenced in the
14 Lassen County Superior Court alleging only a violation of California law.  In this regard, the
15 removing defendant was cited by California Highway Patrol Officer Juiad for a violation of the
16 California Vehicle Code.  As such, this action does not involve any "claim or right arising under
17 the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file
18 this action originally in federal court.[1]  See 28 U.S.C. § 1441(b).

19 Indeed, the suggestion that there is federal question jurisdiction over a dispute
20 involving a traffic citation is patently frivolous and it is clear that the action cannot be properly
21 removed to this court.  See Vora v. Perry, No. 2:11-cv-00278-JAW, 2011 WL 3654385, at *3,
22 n.6 (D. Me. Aug. 17, 2011) (and cases cited therein); Burditt v. City Of Austin Municipal Court,

---

[1] In this regard, the court notes that despite defendant's assertion to the contrary, this matter is not a civil action.  Plaintiff did not initiate this action by filing a civil complaint. Instead, plaintiff issued defendant a citation for an infraction in violation of the California Vehicle Code.  Under California law, "[a]n infraction is a public offense which is 'not punishable by imprisonment.'"  People v. Disandro, 186 Cal. App.4th 593, 600 n.3 (2010) (quoting Cal. Penal Code § 19.6).

No. A-10 CA-144 SS, 2010 WL 2674564, at * 1 (W.D. Tex. July 2, 2010). is federal court Moreover, it is evident from defendant's argument that any federal claims in this action arise solely from defendant's own affirmative defenses.

The removing defendant also asserts, in a conclusory manner, that this court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332.  "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).  The party asserting jurisdiction bears the burden of proof.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001).

Here, the removing defendant alleges that she is a citizen of Missouri and that plaintiff Juiad is a citizen of California.  However, on the same day defendant filed her notice of removal she filed a notice of change of address with the court indicating that she was residing, temporarily, in California.  "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." Lew, 797 F.2d at 750.  Defendant does not address when she began residing in California.  Moreover, while it is true that a person is "domiciled" where she has established habitation and intends "to remain there permanently or indefinitely," Lew, 797 F.2d at 749-50, it appears that defendant is still residing in California.  Thus, the removing defendant has not established that this action involves citizens of different states.  Defendant has

/////

/////

/////

failed to provide the court with any information regarding the alleged amount in controversy.[2]

For all the reasons stated above, the court finds that defendant has failed to meet her burden of establishing a basis for federal jurisdiction.

Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the Lassen County Superior Court and that this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after service of the objections.

DATED: November 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\juiad0563.f&r.remand

---

[2] The court however is skeptical that a complaint over a speeding ticket could implicate over $75,000.